IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT P. BAKER, | : | CIVIL ACTION |
| Plaintiff, | : | NO. 07-04560 |
| v. | : | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | : | |
| Defendant. | : | |

**MEMORANDUM**

Giles, J.                                                                                                                August 13, 2008

**I.  INTRODUCTION**

Plaintiff Robert P. Baker seeks judicial review under 42 U.S.C. § 405(g) of the final decision of the Commissioner of Social Security ("Commissioner") denying Plaintiff's claim for Social Security Disability Insurance ("SSDI") Benefits under Title II of the Social Security Act ("Act"), 42 U.S.C. § 401, et seq.  Plaintiff filed a Motion for Summary Judgment seeking reversal of the Commissioner's decision and a judgment awarding him benefits or, alternatively, remand for further action consistent with the court's decision.  Defendant filed a Response in opposition thereto, arguing that substantial evidence supports the Commissioner's decision that Plaintiff was not disabled.  For the reasons that follow, Plaintiff's Motion for Summary Judgment is DENIED because the Commissioner's decision that Plaintiff was not disabled is supported by substantial evidence.

## II.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff was born on April 7, 1963.  (R. 69.)  He completed the twelfth grade.  (R. 664.) Plaintiff has past relevant experience as a warehouseman.  (R. 97, 664.)  Plaintiff claims that, as of his alleged onset date of June 11, 1999, he suffers from degenerative disc disease and degenerative joint disease of the lumbar spine from L3-4 through L5-S1, which he claims resulted in a L4-5 laminotomy, discectomy, and foraminotomy, facet joint arthropathy at L3-4 and L5-S1, radiculopathy at L5-S1, and chronic lower back pain.  (R. 118-24, 129-30, 137-38, 140-59, 167-90, 192-93, 195-223, 227-36, 239-73, 282-88, 291-94, 339-40, 350-68, 374-93, 399-439, 445-47, 449-501, 505-06, 510, 515-48, 573-77, 580-605, 607-17.)

On February 20, 2003, Plaintiff filed his application for SSDI, alleging an onset date of January 31, 2006.  (R. 69-71.)  After the claim was denied at the initial level of the administrative appeals process, (R. 33-36), Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), (R. 37).  On February 5, 2004, Plaintiff, represented by counsel, appeared at the hearing.  (R. 657-88.)

On April 16, 2004, the ALJ found that Plaintiff was not disabled and denied Plaintiff's claim.  (R. 12-22.)  Plaintiff then filed a Request for Review of the ALJ's decision with the Appeals Council, (R. 46-48, 569-71), which the Appeals Council granted and remanded for further proceedings on December 6, 2005, (R. 49-51).  On June 22, 2006, a second hearing before the ALJ was held.  (R. 619-56.)

On September 11, 2006, the ALJ again found that Plaintiff was not disabled and denied Plaintiff's claim.  (R. 23-32.)  Plaintiff then filed a Request for Review of the ALJ's decision with the Appeals Council, (R. 566-68 ), which was denied on August 31, 2007, (R. 6-9).  After

the Appeals Council's denial of his appeal, Plaintiff filed a complaint pursuant to 42 U.S.C. § 405(g) in this court on October 30, 2007.

### III.  STANDARD OF REVIEW

When a district court reviews a decision of the Commissioner, review is limited to the Commissioner's final decision.  42 U.S.C. § 405(g); Podedworny v. Harris, 745 F.2d 210, 217 (3d Cir. 1984).  If the Commissioner's decision is supported by substantial evidence, the decision must be upheld, even if this court would have reached a different conclusion.  Richardson v. Perales, 402 U.S. 389, 401 (1971).  Substantial evidence has been defined as "such relevant evidence that a reasonable mind might accept as adequate to support a conclusion."  Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938).  In this context, substantial evidence is more than mere scintilla, but may be somewhat less than a preponderance of the evidence.  Ginsburg v. Richardson, 436 F.2d 1146, 1148 (3d Cir. 1971).  Review of "an agency's interpretation of legal precepts, as demonstrated by its application of such precepts to the facts," is plenary.  Monsour Med. Ctr. v. Heckler, 806 F.2d 1185, 1191 (3d Cir. 1986).

### IV.  DISCUSSION

To establish eligibility for SSDI, a plaintiff has the burden to show that he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 1382c(a)(3)(A) (2002).  To determine disability, the Social Security Administration applies a five-step test.  20

C.F.R. § 416.920; Burns v. Barnhart, 312 F.3d 113, 118-19 (3d Cir. 2002).

At step one, the Commissioner must determine whether a claimant is engaged in "substantial gainful activity." 20 C.F.R. § 416.920(b); Plummer v. Apfel, 186 F.3d 422, 428 (3d Cir. 1999). If so, then he is not disabled. Id. At step two, the Commissioner must determine whether claimant suffers from a "severe" impairment or combination of impairments. 20 C.F.R. § 416.920(c). If not, the claimant is determined not to be disabled. Id. At step three, the Commissioner must determine whether the claimant's severe medical impairment(s) meet or equal the severity of any impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. § 416.920(d). Id. If so, the claimant is disabled. Id. If the claimant's impairment(s) do not meet a listed condition, the Commissioner proceeds to step four to determine whether a claimant retains the residual functional capacity ("RFC") to perform his past relevant work. 20 C.F.R. § 416.920(e)-(f); Plummer, 186 F.3d at 428. "Residual functional capacity is defined as 'what a claimant can do despite his limitations.'" Burns, 312 F.3d at 119 (quoting 20 C.F.R. § 416.945(a)). If the claimant retains such capacity, he is not disabled. Plummer, 186 F.3d at 428. If not, the Commissioner proceeds to step five. Id. At this final step, the burden of production shifts to the Commissioner to demonstrate that there are jobs existing in significant numbers in the national economy that the claimant can perform given his medical impairments, age, education, past work experience, and RFC. 20 C.F.R. § 416.920(e), (g); Plummer, 186 F.3d at 428.

The ALJ found that: (1) Plaintiff met the insured status requirements of the Social Security Act through December 31, 2004; (2) Plaintiff has not engaged in substantial activity since June 11, 1999, the alleged onset date; (3) Plaintiff has severe impairments of degenerative

disc disease and degenerative joint disease of the lumbar spine, under 20 C.F.R. §§ 404.1520(c); (4) Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526); (5) Plaintiff has the RFC "to perform simple, routine one and two step tasks that allow him to alternate between sitting or standing at his option and that are sedentary or light exertion"; (6) Plaintiff is not able to perform any past relevant work; (7) Plaintiff is classified as a younger individual, under 20 C.F.R. § 404.1563; (8) Plaintiff has at least a high school education and can communicate in English, under 20 C.F.R. § 1564; (9) transferability of job skills is immaterial; (10) jobs existed in significant numbers in the national economy that Plaintiff could have performed; and (11) Plaintiff was not under a disability. (R. 27-31.)

Plaintiff appeals the decision of the ALJ and argues that the ALJ's determination that Plaintiff is not disabled is not supported by substantial evidence. Plaintiff alleges errors at step four of the sequential evaluation, including error in: (1) finding that Plaintiff has the RFC to perform sedentary and light work and failing to include all of Plaintiff's alleged medical impairments in his hypothetical questions posed to the vocational expert; (2) according significant weight to the testimony of medical expert, Dr. Stanley Askin; (3) failing to accord controlling weight to the assessments of treating physicians regarding Plaintiff's ability to work and failing to recontact them to clarify the basis for their assessments of Plaintiff's work-related physical limitations; (4) finding that Plaintiff's statements concerning his impairments were not totally credible; and (5) failing to take into account the impact of the side effects of Plaintiff's medications. Plaintiff argues that the court should award benefits to Plaintiff, and, in the

alternative, that the case should be remanded to the Commissioner for receipt of further evidence.

The Commissioner counters that the ALJ's decision is well-supported and should be upheld. Upon careful review of the entire record, the court concludes that the ALJ's determination was supported by substantial evidence and that remand is not warranted.

**A.    The ALJ's RFC Determination Is Supported by Substantial Evidence.**

**1.    The ALJ Did Not Err With Respect To The RFC Determination And Hypothetical Question.**

Plaintiff first argues that the ALJ's determination that Plaintiff is not disabled is not supported by substantial evidence because the ALJ's finding that Plaintiff has the RFC to perform sedentary and light work was not supported by substantial evidence and the ALJ failed to include all of Plaintiff's alleged medical impairments, namely an alleged bending and stooping limitation, in his hypothetical questions posed to the vocational expert.

In determining a claimant's RFC, an ALJ is obligated to consider all of the evidence before him. Burnett v. Comm'r of Social Security, 220 F.3d 112, 121 (3d Cir. 2000) (citing Plummer, 186 F.3d at 429). Further, an ALJ must give "some indication of the evidence which he rejects and his reason(s) for discounting such evidence." Id. (citing Plummer, 186 F.3d at 429; Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981), r'hrg. denied, 650 F.2d 481 (3d Cir. 1981)). Without such explanations, this court, upon review, "cannot tell if significant probative evidence was not credited or simply ignored." Cotter, 642 F.2d at 705. However, although "an ALJ may not reject pertinent or probative evidence without an explanation," the ALJ is entitled to overlook evidence that is "neither pertinent, relevant nor probative." Johnson v. Comm'r of

Soc. Sec., 529 F.3d 198, 204 (3d Cir. 2008).

"Where there exists in the record medically undisputed evidence of specific impairments not included in a hypothetical question to a vocational expert, the expert's response is not considered substantial evidence." Burns, 312 F.3d at 123 (citation omitted).

The court concludes that medical evidence in the record supports the ALJ's RFC determination, including the ALJ's determination that Plaintiff did not have a complete inability to bend and stoop. The ALJ relied upon the independent medical expert, Dr. Askin. Notably, Dr. Askin reviewed Plaintiff's straight leg tests, performed by Dr. Zena Zingerman, M.D., and Dr. Sofia Lam, M.D. Plaintiff did not report consistently any pain from straight leg raising. Despite Plaintiff's complaints of pain, the straight leg raising test results were inconsistent with radiating pain as a result of any nerve impingement or irritation. The ALJ relied on Dr. Askin's opinion that if Plaintiff's symptoms had a physical basis, then there would not be inconsistencies in the test results. (R. 29.) The ALJ further relied on medical records of Dr. Zimmerman that suggested that Plaintiff's back pain was intermittent. (Id.)

Moreover, in formulating his RFC determination, the ALJ pointed to Plaintiff's daily activities. These include walking regularly, traveling, checking air in his tires, shoveling snow, light food preparation, dusting, and walking his 100-pound dog twice a day. (Id.) Based on the nature of these daily activities, the ALJ concluded that Plaintiff's back pain was not as severe or constant as indicated by Drs. Lam and Zingerman, and that his daily activities did not comport with Plaintiff's claims of work-precluding pain. (Id.) Nor did these daily activities comport with a limitation on stooping or bending. The ALJ's RFC determination, including his conclusion that Plaintiff did not have a total inability to bend or stoop, was supported by substantial

evidence. The ALJ's hypothetical question was therefore proper.

### 2. The ALJ Did Not Err In According Significant Weight To Dr. Askin's Testimony.

Plaintiff then argues that the ALJ's determination that Plaintiff is not disabled is not supported by substantial evidence because the ALJ improperly accorded significant weight to the testimony of medical expert, Dr. Askin. The ALJ acknowledged Dr. Askin as an expert in the field of orthopedics. (R. 29.) Dr. Askin opined that Plaintiff was capable of performing medium work prior to his surgery and light work after his surgery. (R. 28, 627.)

The ALJ found that Dr. Askin's opinion was supported by the findings of intact motor strength, intact sensation, negative straight leg raising tests, and symmetrical deep tendon reflexes documented by several doctors. (R. 29, 140-50, 153-55, 195-273, 350-51, 352-66, 369-440, 445-47, 453-68, 493-504, 515-47, 580-618.) The ALJ further found that Dr. Askin's opinion was support by Plaintiff's self-reported statements that he experienced diminished pain and greater functioning with various treatment modalities, (R. 29, 141, 292-94, 388, 412, 415-16, 421, 423-24, 431, 462), as well as Plaintiff's daily activities, as discussed above. The ALJ's determination that Dr. Askin's opinion was consistent with the medical evidence and other evidence of record was supported by substantial evidence. Therefore, the ALJ reasonably afforded significant weight to Dr. Askin's testimony.

### 3. The ALJ Did Not Err In Not According Controlling Weight To Treating Physicians' Assessments.

Plaintiff next argues that the ALJ's determination that Plaintiff is not disabled is not

supported by substantial evidence because the ALJ failed to accord controlling weight to the assessments of Dr. David M. Pudles, D.O. and Dr. Zingerman, Plaintiff's treating physicians, regarding Plaintiff's ability to work, and failed to recontact them to clarify the basis for their assessments of Plaintiff's work-related physical limitations.

"Under the applicable regulations and the law of this Court, opinions of a claimant's treating physician are entitled to substantial and at times even controlling weight." Fargnoli v. Halter, 247 F.3d 34, 42 (3d Cir. 2001) (citing 20 C.F.R. § 404.1527(d)(2)). The treating source's opinion is only entitled to controlling weight, however, when it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and *is not inconsistent with the other substantial evidence* in [the claimant's] case record." Id. at 43 (quoting 20 C.F.R. § 404.1527(d)(2)) (emphasis added).

Under the regulations, a medical source will be recontacted for purposes of clarification "when the report from [the] medical source contains a conflict or ambiguity that must be resolved, the report does not appear to contain all the necessary information, or does not appear to be based on medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 416.912(e)(1). However, recontact will occur only if the evidence received from the treating source is "inadequate for us to determine whether you are disabled." Johnson, 529 F.3d at 205 (quoting 20 C.F.R. § 416.912(e)(1)) (emphasizing that this is "an important prerequisite").

The ALJ was entitled to not accord controlling weight to Drs. Pudles and Zingerman's respective assessments because the ALJ clearly explained that their assessments were inconsistent with other substantial evidence in the record. (See R. 28-29); see also Fargnoli, 247 F.3d at 43. Based on substantial evidence in the record, the ALJ disagreed with Drs. Pudles and

Zingerman's very restrictive RFC assessments. (R. 28-29.) The ALJ pointed to Dr. Askin's rejection of Drs. Pudles and Zingerman's assessments, because the limitations they found were contrary to Plaintiff's "best interest given that walking is beneficial in managing degenerative disc disease." (R. 28.) Dr. Askin also opined that Plaintiff would not suffer adverse health consequences if he sat for longer than twenty to thirty minutes, and that the restrictive lifting and standing/walking limitations found by Drs. Pudles and Zingerman were unreasonable on a continuing basis. (R. 28-29) In addition, the ALJ pointed to evidence in the record demonstrating that Plaintiff responded favorably to conservative treatment measures and engaged in numerous activities of daily living, which were inconsistent with the restrictive limitations found by Drs. Pudles and Zingerman. (See R. 29, 141, 295-327, 388, 394-98, 412, 415-16, 421, 423-24, 431, 458-62, 608, 610.) The court is satisfied that the ALJ was entitled not to accord Drs. Pudles and Zingerman's assessments controlling weight.

Because the ALJ did not conclude that Drs. Pudles and Zingerman's assessments were not inadequate for a disability determination but instead concluded that their assessments were inconsistent with other substantial evidence in the record, the ALJ did not err in not seeking to recontact Drs. Pudles and Zingerman for clarification. See Johnson, 529 F.3d at 205; 20 C.F.R. § 416.912(e)(1). No clarification was necessary. The court concludes that the ALJ's determination was supported by substantial evidence.

### 4.   The ALJ Did Not Err With Respect To Plaintiff's Credibility Determination.

Plaintiff also argues that the ALJ's determination that Plaintiff is not disabled is not supported by substantial evidence because the ALJ erred in finding that Plaintiff's statements

concerning his impairments were not totally credible.

To be credible, subjective symptoms must bear some relationship to a claimant's physical, mental, or psychological status, as demonstrated by objective medical findings, diagnoses, and opinions.  See Baerga v. Richardson, 500 F.2d 309, 312 (3d Cir. 1974); 20 C.F.R. §§ 404.1526, 404.1529, 416.926, 416.929.  An ALJ may discredit a claimant's subjective complaints when: (1) there is contradictory medical evidence in the record, and (2) the ALJ explains the basis for rejecting the complaints.  See Mason v. Shalala, 994 F.2d 1058, 1067-68 (3d Cir. 1993).  If medical signs or laboratory findings show that claimant has a medically determinable impairment that could produce pain, the ALJ must consider all available evidence, including claimant's statements, to determine whether and how the symptoms limit claimant's capacity to work.  See 20 C.F.R. §§ 404.1529(c)(1), 416.929(c)(1); SSR 96-7p, 61 Fed. Reg. 34,483, 34,484 (July 2, 1996) (requiring that a credibility finding be "sufficiently specific to make clear . . . to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight").  In evaluating credibility, relevant factors include: Plaintiff's daily activities; the location, duration, frequency, and intensity of Plaintiff's symptoms; precipitating and aggravating factors; the type, dosage, effectiveness, and side effects of any medication; treatment or measures, other than medication, Plaintiff receives or has received for relief of symptoms; and other factors concerning functional limitations and restrictions due to symptoms.  20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3); SSR 96-7p, 61 Fed. Reg. at 34,484; see Alvarez v. Sec'y of Health and Human Serv., 549 F. Supp. 897, 899-900 (E.D. Pa. 1982).

The ALJ found, after considering the evidence of record, that Plaintiff's "medically

determinable impairments could be reasonably expected to produce the alleged symptoms, but that the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible." (R. 28.)  For the aforementioned reasons, the court finds that the ALJ considered all available evidence, that the ALJ's determination that contradictory evidence existed in the record was supported by substantial evidence, and that the ALJ provided a full and clear explanation for the basis for rejecting Plaintiff's complaints.  See Mason, 994 F.2d at 1058.

### 5. The ALJ Did Not Err With Respect To Medical Side Effects.

Finally, Plaintiff argues that the ALJ's determination that Plaintiff is not disabled is not supported by substantial evidence because the ALJ failed to take into account the impact of the side effects of Plaintiff's medications.  Drowsiness caused by medication may be viewed as disabling only where the record establishes serious functional limitations as a result.  Burns, 312 F.3d at 130-31 (recognizing that "drowsiness often accompanies the taking of medication").

Although the ALJ did not explicitly address Plaintiff's medications, the ALJ discussed the records of Plaintiff's treating physicians and Dr. Askin and Plaintiff's respective testimony, all of which referenced Plaintiff's medications, including Xanax and Neurontin.  (R. 28-29.)  Dr. Askin testified that these medications could cause drowsiness and that, by themselves, could adversely impact Plaintiff's ability to function.  (R. 639.)  Apart from this testimony, however, Plaintiff has not identified any specific medical records in support of his claim.  Where the ALJ found that Plaintiff's testimony as to the severity of his symptoms was not credible, Dr. Askin's testimony alone is not sufficient to establish a serious functional limitation in the record.  See

Burns, 312 F.3d at 130-31.  Moreover, the ALJ's RFC finding, limiting Plaintiff to jobs involving only simple, routine one to two step tasks, could accommodate any alleged side effects from Plaintiff's medications.

For these reasons, the court concludes that the ALJ's RFC determination was supported by substantial evidence and therefore affirms the ALJ's decision.

## V.  CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Summary Judgment is denied.  An appropriate order follows.