IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT P. BAKER | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 07-4560 |
| | : | |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of Social Security | : | |

**MEMORANDUM AND ORDER**

AND NOW, this 17th day of November, 2008, upon consideration of the motion to alter or amend judgment pursuant to Rule 59(e) filed by plaintiff (Doc. No. 9) and defendant's response thereto (Doc. No. 12) the court makes the following findings and conclusions:

1.  After filing for disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-433, two hearings before an ALJ, and ultimately, a final decision that he was not disabled, Robert P. Baker ("Baker") filed a complaint in this court on October 30, 2007 pursuant to 42 U.S.C. § 405(g). (Tr. 6-8; 25-32; 69-71; 619-56; 657-88). By memorandum and order dated August 13, 2008, this court denied the relief requested by Baker and concluded that the ALJ's decision was supported by substantial evidence and legally sufficient. (Doc. No. 8). As a result, Baker filed the instant motion.

2.  Federal Rule of Civil Procedure 59(e) and Local Civil Rule 7.1(g) of the United States District Court for the Eastern District of Pennsylvania allow parties to file motions for reconsideration or amendment of a judgment. Fed. R. Civ. P. 59(e); E.D. Pa. R. Civ. P. 7.1(g). These motions should be granted sparingly, reconsidering the issues only when: (1) there has been an intervening change in controlling law; (2) new evidence has become available; or (3) there is a need to prevent manifest injustice or correct a clear error of law or fact. North River Ins. Co. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995); Wilson v. Halter, No. 00-468, 2001 WL 410542, at *2 (E.D. Pa. Apr. 18, 2001), aff'd Wilson v. Massanari, 27 Fed. Appx. 136 (3d Cir. 2002). Mere dissatisfaction with the Court's ruling is not a proper basis for reconsideration as it is improper "to ask the Court to rethink what it had already thought through – rightly or wrongly." Glendon Energy Co. v. Borough of Glendon, 836 F. Supp. 1109, 1122 (E.D. Pa.1993) (internal quotation marks omitted); Wilson, 2001 WL 410542, at *2. In this case, Baker contends that the judgment should be amended in order to correct a clear error of law.

3.  It is readily evident from his brief that Baker is misusing Rule 59(e) in order to get a second chance to argue his case. Baker again argues that the ALJ should not have given more weight to the medical expert than to his treating doctors, should have imposed bending and stooping limitations in his RFC, and should not have discounted the credibility of his testimony. Compare (Doc Nos. 6 & 9). This is exactly the situation in which it is

inappropriate to grant a motion for reconsideration.  See e.g. Glendon Energy Co., 836 F. Supp. at 1122.

    4.    Regardless, I have carefully reviewed the court's August 13, 2008 opinion, the briefs, and the record in this case.  I conclude that there was no clear error of law.

As a result of the above, it is hereby **ORDERED** that the motion is **DENIED**.

    /s/ Lowell A. Reed, Jr., S.J.
LOWELL A. REED, JR., S.J.